UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| DANTE BENJAMIN HAYWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-75 |
| | ) | |
| JOHN DOE 1, JOHN DOE 2, | ) | |
| JOHN DOE 3, AND TASER | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Dante Benjamin Hayward, proceeding *pro se* and *in forma pauperis*, brings this 42 U.S.C. § 1983 Complaint against three unidentified individuals ("John Does 1–3") and an unidentified stun gun manufacture ("Taser Company"). Doc. 1. The Court granted Hayward's Motion for Leave to proceed *in forma pauperis* (IFP), doc. 4, and he has provided all requested documentation, docs. 5 & 6. The Court now screens the Complaint pursuant to 28 U.S.C. § 1915A.[1]

---

[1] The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, sets forth procedures governing the filing of complaints in federal court by prisoners and other detainees. In cases seeking redress from a government entity or its officials, PLRA requires a preliminary screening in order to "identify cognizable complaints" and to dismiss, prior to service, any complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

# BACKGROUND

In April 2017, while imprisoned in the Effingham County Jail, Hayward overheard an altercation in which an inmate was ejected from his cell by fellow inmates for being a "child molester." Doc. 1 at 5. Shortly thereafter, two prison officials, one identified as "Cpl Vaulhoutine," instructed Hayward to collect his belongings and relocate to the cell from which the other inmate was ejected. *Id.* Hayward objected to the transfer, claiming to "fear for [his] life." *Id.* The officials then threatened Hayward with a stun gun. *Id.* He did not resist but was pushed against the wall and shot in the leg. *Id.* Despite falling to the floor, he continued to receive a constant shock from the stun gun until the "wire on the taser [] [b]urst into pieces." *Id.* at 6. The prison officials later "snatched" the prongs of the stun gun from Hayward's leg, resulting in bleeding. *Id.* Following the incident, he was not provided with medical attention and was placed in the cell which he believed to be unsafe. *Id.* at 6–7. He seeks unspecified punitive damages, presumably against the involved prison officials, and unspecified compensatory damages against the manufacturer of the stun gun. *Id.* at 8.

## ANALYSIS

I. **"John Doe 3" and the "Taser Company"**

Despite Hayward's assertion that his claim is against three anonymous defendants, the Court can identify only *two* individual defendants in the narrative of Hayward's Complaint: the official identified as "Cpl. Vaulhoutine" ("John Doe 1") and the official responsible for discharging the stun gun ("John Doe 2").[2] In the absence of any factual allegations implicating any third anonymous defendant, any claims against said defendant should be **DISMISSED**.

As to the "Taser Company," it is unclear whether Hayward refers to the manufacture of the TASER brand of electrical weapons or another company that might have produced the specific device used in the alleged incident. Regardless, Hayward has not articulated a cognizable claim

---

[2] A claim against an unnamed defendant ("John Doe" or "Jane Doe") may proceed when the plaintiff has provided a description of the defendant sufficiently specific to allow for proper service, despite their name being unknown. *See Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992). The allegations must be such that it is clear the plaintiff will be able to identify defendant through discovery. *See*, *id.*; *see also Bowens v. Superintendent of Miami South Beach Police Dep't*, 557 F. App'x 857, 862 (11th Cir. 2014) (*per curiam*) ("[A] claim may be maintained against unnamed defendants where allegations in the complaint make clear the plaintiff could uncover the names through discovery."). In the instant case, Hayward has provided, at least, an approximation of the name of John Doe 1. It is reasonable to assume that the identities of both that individual and the other John Doe can be ascertained through Effingham County Jail's records or other discovery.

under 42 U.S.C. § 1983 against this Defendant. Section 1983 requires the deprivation of "rights, privileges, or immunities secured by the Constitution and laws" by a person or entity acting under the color of law. 42 U.S.C. § 1983. To show that a private party meets the high standard for being considered a state-actor for purposes of § 1983, a plaintiff must show that the party (1) performed a public function; (2) was coerced or encouraged by the government; or (3) was interdependent with the government and participated in a joint action. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). Nothing in the Complaint even suggests that the "Taser Company" performed a public function, was coerced or encouraged by the government, or participated in a joint action. As a result, no § 1983 claim is cognizable.

Assuming then that Hayward seeks to bring state-law claims against the company, these claims too should be dismissed.[3] To the extent that the claim against the Company is intelligible, it seems most plausibly construed as a products liability claims under Georgia Code §

---

[3] Arguably, the absence of any viable federal law claim against that defendant would make the exercise of supplemental jurisdiction over putative state-law claims discretionary. The Court makes no finding whether it should decline to exercise supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a). Since the state-law claims, even charitably construed, fail, the propriety of exercising supplemental jurisdiction is moot.

51-1-11(b)(1). To establish a products liability claim, a plaintiff must show that he "suffered injury to his person or property because the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended, and its condition when sold is the proximate cause of the injury sustained." O.C.G.A. § 51-1-11(b)(1). Nothing in Hayward's Complaint even suggests that the stun gun used was not merchantable and reasonably suited for its intended use *at the time of sale*—the relevant point of consideration for a products liability claim. As Hayward has failed to plead facts sufficient for a products liability claim under Georgia law, and because the "Taser Company" is not a state actor, he has not stated a claim against it upon which relief can be granted. Any such claim should, therefore, be DISMISSED.

## II. John Does 1 and 2

Regarding John Doe 1 and John Doe 2, the Court construes Hayward's complaint to allege the excessive use of force, failure to protect and denial of adequate medical care in violation of 42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must demonstrate that an offence (1) was committed by a person acting under the color of law and (2) deprived the plaintiff of a right, privilege, or immunity under the

Constitution or federal law. 42 U.S.C. § 1983. Each specific allegation will be addressed in turn.

A. **Use of Force**

Hayward has pleaded facts sufficient for a claim of excessive force in violation of the Eighth Amendment. The use of force in a custodial setting violates the Eighth Amendment's prohibition against cruel and unusual punishment when it is not applied in a good-faith effort to maintain or restore discipline but, rather, is administered "maliciously and sadistically to cause harm." *Hudson v. McMillan*, 503 U.S. 1, 5–6 (1992); *Sears v. Roberts,* 922 F.3d 1199, 1205 (11th Cir. 2019). It is not necessary that the use of force resulted in a serious injury, as the focus is directed to the nature of the act, not its degree. *Wilkins v. Gaddy*, 559 U.S. 34, 37–38 (2010).

Hayward adequately alleges that John Doe 1 and John Doe 2 used excessive force against him. Though reasonable force may be deployed to promote and ensure compliance with instructions and rules, *see Bailey v. Hughes*, 815 F. Supp. 2d 1246 (M.D. Ala. 2011), Hayward alleges he did not resist the transfer, beyond voicing general concerns for his safety. Doc. 1 at 5. Despite this lack of resistance, John Doe 1 pushed Hayward

against a wall and John Doe 2 shot him with a stun gun. *Id.* Taking these allegations as true, there was no need for the application of force or the use of the stun gun.

Additionally, though John Doe 2 is alleged to have discharged the stun gun, neither John Doe 1 nor 2 attempted to assist Hayward when the stun gun failed to disengage. *Id.* at 6. This failure to act is sufficient for John Doe 1 to potentially be liable for his non-feasance. *Skrtich v. Thornton*, 280 F.3d 1295, 1302 (11th Cir. 2002) ("It is not necessary that a police officer actually participate in the use of excessive force in order to be held liable under § 1983. Rather, an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance." (internal quotations and citations omitted)). As Hayward has alleged facts sufficiently supporting his claim of excessive force, this claim survives the Court's screening.

### B. Failure to Protect

Hayward has not pleaded facts sufficient to establish a claim of failure to protect. The Eighth Amendment imposes an obligation on the government to provide humane conditions of confinement and to "protect

prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832, 833 (1994). This obligation is violated "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk." *Carter v. Galloway,* 352 F.3d 1346, 1349 (11th Cir. 2003); *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014).

The "substantial risk of serious harm requirement," must be viewed within the context of the prison environment. By its nature, a prison is a dangerous environment, "filled with people society has already deemed too dangerous to live amongst law abiding persons." *Green v. Hooks*, 2017 WL 1078646 at *10 (S.D. Ga. Mar. 21. 2017). As such, those incarcerated are always at *some* risk of harm. *Id*. Therefore, to adequately plead a failure to protect claim, a plaintiff must allege a risk greater than a standard level of danger. *See Carter*, 352 F.3d at 1349.

When instructed to relocate to a cell from which he believed another inmate was forcibly ejected, Hayward expressed that he "feared for his life." Doc. 1 at 5. His general apprehension, however, does not amount to a subjective awareness of a *substantial* risk of *serious* harm on the part of John Does 1 and 2. Hayward does not allege that the cell's occupants

harmed, or even threatened to harm, the ejected prisoner. Their objection was also expressly predicated on the ejected prisoner's being a "child molester." Doc. 1 at 5. Hayward does not suggest a concern that he would be subjected to a similar objection. A prison official can only be liable for a failure to protect when they are aware that a potential risk is "a strong likelihood rather than a mere risk." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990). It is, therefore, unclear why Hayward "feared for his life" from other prisoners. As Hayward did not provide a reason for his fear, it cannot be assumed John Does 1 and 2 possessed actual knowledge of a likely and substantial risk or responded unreasonably. Furthermore, Hayward has failed to show a causal link between his relocation and any injury. As such, this claim should be **DISMISSED**.

### C. Denial of Adequate Medical Care

Hayward has not pleaded facts sufficient to establish a claim of denial of adequate medical care. The denial of medical care offends the Eighth Amendment when a government official displays "deliberate indifference to the serious medical needs of prisoners...." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This involves an "objective component"

demonstrating the existence of a serious medical condition and a "subjective component" showing that prison officials acted with deliberate indifference toward that condition. *Id.*

To satisfy the objective component, a plaintiff must set forth evidence of a medical need that is sufficiently serious that, if left unattended, it would "pos[e] a substantial risk of serious harm." *Id.* (quoting *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000)). Serious injuries are both those "diagnosed by a physician as mandating treatment" and those that are "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (internal citation and quotation marks omitted), overruled in part on other grounds by *Hope v. Pelzer*, 536 U.S. 730 (2002). They also include those medical needs that would be worsened by a delay in treatment. *Mann v. Taser Int'l., Inc.*, 588 F. 3d 1291, 1307 (11th Cir. 2009).

Hayward has not sufficiently alleged that he suffered a serious medical condition as a result of the incident. Though he did experience bleeding and burning, Hayward has not asserted that the wounds required sutures or a similar treatment to stop the bleeding. He has also

not indicated that the burns resulted in lasting harm, like tissue or nerve damage. Cuts and minor burns are the type of injury that a layperson would be unlikely to refer to the attention of a physician. *Camps v. City of Warner Robins*, 822 F. Supp. 724, 733 n.3 (N.D.Ga. 1993) (cuts and scrapes are not sufficient to qualify as a serious injury); *Boyett v. Cnty. of Washington*, 2006 WL 3422104 *17 (D. Utah Nov. 28, 2006) (superficial injuries, even those requiring sutures, are not a serious medical need). As such, Hayward's Complaint does not show a serious medical condition and, therefore, fails to satisfy the objective element of a denial of adequate medical care claim.

It also fails to allege facts satisfying the subjective component. A plaintiff must demonstrate that prison officials were deliberately indifferent toward a serious medical condition. This requires a showing that the prison official (1) had a subjective knowledge of the risk of serious harm; (2) disregarded that risk; and (3) was more than merely negligent in their response. *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

John Does 1 and 2 were aware that Hayward suffered puncture wounds (presumably) and burns, as is evidenced by the bandaging that

was provided, but the Complaint does not suggest that Defendants possessed knowledge or a reasonable belief that these injuries were serious. Doc. 1 at 5–6. It is not sufficient that Hayward believes that a greater degree of medical care was appropriate. *See, Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985) (deliberate indifference is not established when a prisoner "may have desired different modes of treatment" than he received). In bandaging the wound, John Does 1 and 2 demonstrated more than indifference to the medical condition. *Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991) (prison officials must provide at least a "minimally adequate" degree of care). They also provided treatment without significant delay. *See, Harris v. Coweta Co.*, 21 F.3d 388, 394–95 (11th Cir. 1994) (noting that a delay of several hours in providing care for broken bones and bleeding cuts may constitute deliberate indifference). As care was provided to Hayward's wounds, the subjective element of a denial of medical care claim is not supported. This claim should be **DISMISSED**.

## Conclusion

In summary, Hayward's claim for excessive force in violation of the Eighth Amendment survives the review of this Court. The Clerk is

**DIRECTED** to forward a copy of this Order, along with Hayward's Complaint, to the Marshal for service upon the Effingham County Jail. Any responsive pleading should, to the extent the pleader is able, identify John Does 1 and 2. The Court **RECOMMENDS** that Defendant Taser Company and John Doe 3 along with Hayward's claims for failure to protect and denial of adequate medical care be **DISMISSED** from this case.

Meanwhile, it is time for plaintiff to pay his filing fee. His PLRA paperwork reflects a current balance of $283.00, with $198.00 in average monthly deposits and a $82.25 average reserved monthly balance over the six-month period prior to the date of his Prison Account Statement. Doc. 6. He, therefore, owes a $39.60 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Hayward's custodian (or designee) shall remit the $39.60 and shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full. In the event that Hayward is transferred to another facility, his present custodian shall forward a copy

of this Order and all financial information concerning payment of the filing fee and costs in this case to his new custodian. The balance due from Hayward shall be collected by the custodian at all future facilities in accordance with the terms of this Order. A copy of this Order and of the Consent to Collection of Fees form Trust Account shall be served upon Hayward and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

      **SO ORDERED AND REPORTED AND RECOMMENDED**, this 29th day of August, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA