FILED
John E. Triplett, Acting Clerk
United States District Court

*By CAsbell at 9:20 am, Jun 04, 2020*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DANTE BENJAMIN HAYWARD, <br><br> Plaintiff, <br><br> v. <br><br> AUSTIN VAN HOUTAN; and SETH CUBBEDGE, <br><br> Defendants. | CIVIL ACTION NO.: 4:19-cv-75 |

## O R D E R

This matter is before the Court on Plaintiff's Motion for Leave to File an Amended Complaint, doc. 23, Plaintiff's Motion for Counsel, doc. 24, and Defendant Van Houtan's Motion to Compel Discovery, doc. 30.  The Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion for Leave to File an Amended Complaint and **DENIES** Plaintiff's Motion for Counsel.  Additionally, the Court **GRANTS** Defendant Van Houtan's Motion to Compel.

## DISCUSSION

**I.      Plaintiff's Motion for Leave to File an Amended Complaint**

Plaintiff asserts claims in this action under 42 U.S.C. § 1983 regarding conditions of his confinement during his pre-trial detention at the Effingham County Jail.  Doc. 1.  Specifically, Plaintiff alleges two guards ordered him to transfer to a new cell and, after Plaintiff objected out of fear, one guard pushed Plaintiff against a wall and the other guard tasered him.  Id. at 5.  After conducting frivolity review, the Court permitted Plaintiff to proceed with an Eighth Amendment excessive force claim against John Doe 1 and John Doe 2.  Doc. 10.

In his Motion for Leave to Amend, Plaintiff identifies the correct Defendants, Austin Van Houtan and Seth Cubbedge, and asks that his Complaint be amended to add a claim for excessive force against Defendant Cubbage, who he alleges shot him with a taser. Doc. 23 at 1–2. Plaintiff also requests adding a claim for cruel and unusual punishment under the Eighth and Fourteenth Amendments and a claim for deliberate indifference against both Defendants. Id. at 2. Finally, Plaintiff requests to amend the relief he seeks to $75,000 in compensatory damages and $75,000 in punitive damages against each Defendant, jointly and severally. Id.

Defendants consent to amending Plaintiff's Complaint to include their names—Austin Van Houtan and Seth Cubbedge. Doc. 25 at 1. Defendants also consent to Plaintiff amending his claim of excessive force as arising under the Fourteenth Amendment.[1] Id. at 2. Further, Defendants have no objection to Plaintiff amending the relief he requests. Id. However, regarding Plaintiff's other amendments, Defendants object on the grounds of futility and mootness.

"The grant of leave to amend is committed to the district court's discretion." Nat'l Indep. Theatre Exhibitors, Inc. v. Charter Fin. Grp., Inc., 747 F.2d 1396, 1404 (11th Cir. 1984) (citing Zenith Radio Corp. v. Hazeltine Research Inc., 401 U.S. 321 (1971)). Rule 15(a)(1) of the Federal Rules of Civil Procedure establishes that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1). Thereafter, a party may amend the pleadings only upon leave of court or by obtaining written consent of the opposing party. See Fed. R. Civ. P. 15(a)(2). The Rule provides that "the court

---

[1] The Court, in its frivolity review, construed Plaintiff's claim as one for excessive force arising under the Eighth Amendment, doc. 7 at 6; since then, however, Defendants have learned that Plaintiff was a pre-trial detainee at the time of the alleged incident. Doc. 25 at 2 n.1. Pre-trial detainees' claims for constitutional violations are asserted under the Fourteenth Amendment, not the Eighth Amendment. Telfair v. Gilberg, 868 F. Supp. 1396, 1403 (S.D. Ga. 1994) (citing to Bell v. Wolfish, 441 U.S. 520, 535–36 n.16 (1978)).

should freely give leave when justice so requires."  Id.  "The function of Rule 15(a), which provides generally for the amendment of pleadings, is to enable a party to assert matters that were overlooked or were unknown at the time he interposed the original complaint or answer."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1473 (3d ed. 2019); see also In re Engle Cases, 767 F.3d 1082, 1108 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Furthermore, under Rule 15(a), "there must be a substantial reason to deny a motion to amend."  Laurie v. Ala. Ct. of Crim. App., 256 F.3d 1266, 1269, 1274 (11th Cir. 2001).  Substantial reasons justifying a court's denial of a request for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  Foman v. Davis, 371 U.S. 178, 182 (1962); see also Maynard v. Bd. of Regents, 342 F.3d 1281, 1287 (11th Cir. 2003); Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

The Court does not need to consider the amendments Defendants consent to, including amending Defendants' names and Plaintiff's requested relief, and amending Plaintiff's cause of action for excessive force arising under the Fourteenth Amendment.  See Fed. R. Civ. P. 15(a)(2).  The Court only considers the remaining proposed amendments, to which Defendants are opposed.  First, Plaintiff seeks to add a claim for excessive force against Defendant Cubbedge.  However, Plaintiff already maintains a claim for excessive force against both Defendants Van Houtan and Cubbedge; therefore, the amendment is redundant and futile.  Second, Plaintiff seeks to add a claim for cruel and unusual punishment under the Eighth Amendment.  Yet, because Plaintiff was a pretrial detainee when Defendants allegedly tasered

him, the Eighth Amendment is inapplicable to his claims.  Telfair v. Gilberg, 868 F. Supp. 1396, 1403 (S.D. Ga. 1994).  Under the Fourteenth Amendment, the pretrial detainee has a right to be free from conditions or deprivations that are wanton, arbitrary, or intended to punish.  Id.

> For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law.  A person lawfully committed to pretrial detention has not been adjudged guilty of any crime.  He has had only a "judicial determination of probable cause as a prerequisite to [the] extended restraint of [his] liberty following arrest."  And, if he is detained for a suspected violation of a federal law, he also has had a bail hearing.  Under such circumstances, the Government concededly may detain him to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution.

Bell v. Wolfish, 441 U.S. 520, 535–37 (1979) (internal citation omitted).  Plaintiff's claim arises under the Fourteenth Amendment; thus, Plaintiff's attempt to state an Eighth Amendment claim is futile.  Third, Plaintiff wants to amend his Complaint to include a deliberate indifference claim.  However, Plaintiff already claimed deliberate indifference, which the Court dismissed at frivolity review for failure to allege facts supporting the claim.  Doc. 7 at 9–12.  In his Motion for Leave to Amend, Plaintiff alleges no new facts in support of a deliberate indifference claim.  Therefore, the Court finds such amendment would be futile.  Accordingly, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion for Leave to File an Amended Complaint.  The Court **GRANTS** the portions of Plaintiff's Motion regarding the names of Defendants, Plaintiff's requested relief, and Plaintiff stating a claim for excessive force under the Fourteenth Amendment.  However, the Court **DENIES** those portions of Plaintiff's Motion by which he seeks to state a redundant claim, a deliberate indifference claim, and a claim arising under the Eighth Amendment.

**II.     Plaintiff's Motion for Counsel**

In his Motion for Counsel, Plaintiff claims he should be appointed an attorney because he is unable to afford a representative, his imprisonment limits his ability to litigate, and the issues involved in this case are complex.  Doc. 24.  Defendants respond that Plaintiff has not demonstrated an exceptional need for appointed counsel.  Doc. 26.

Plaintiff has no constitutional right to the appointment of counsel.  Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)).  "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances."  Id. (citing Bass, 170 F.3d at 1320).  Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner."  Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987); Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)).  The Eleventh Circuit Court of Appeals has explained that "the key" to assessing whether counsel should be appointed "is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court.  Where the facts and issues are simple, he or she usually will not need such help."  McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel.  While the Court understands that Plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated."  Hampton

5

v. Peeples, No. CV 614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015).  "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." Id. (citing Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015) ; Wright, 562 F. App'x at 777; Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 702 (11th Cir. 2013); McDaniels, 405 F. App'x at 457; Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010); Fowler, 899 F.2d at 1091, 1096; Wahl, 773 F.2d at 1174).  This case is not so complex legally or factually to prevent Plaintiff from presenting "the essential merits of his position" to the Court.  Moreover, the type of claim Plaintiff raises—excessive force—is by no means out of the ordinary.  For these reasons, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel.  Doc. 24.

### III.     Defendant Van Houtan's Motion to Compel

In his Motion to Compel Discovery, Defendant Van Houtan asks the Court order Plaintiff to produce relevant documents under Federal Rule of Civil Procedure 37.  Doc. 30.  On February 3, 2020, Defendant Van Houtan served on Plaintiff his first interrogatories and first requests for production of documents.  Doc. 30-1.  Plaintiff filed on the docket his answers to the interrogatories, doc. 27, but Defendant Van Houtan avers he has not received the documents he requested, doc. 30 at 2.  Thereafter, Defendant Van Houtan sent a deficiency letter under Rule 37 asking that Plaintiff respond to his requests for production of documents.  Doc. 30-3.  Again, Plaintiff failed to respond.  Defendant argues he cannot effectively depose Plaintiff without the discovery responses.  Doc. 30 at 2.  Plaintiff did not file a response to the instant Motion to Compel Discovery.

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). "Upon a showing of good cause, a court may order discovery of any matter relevant to the subject matter involved in the action." Boyd v. Experian Info. Solutions, Inc., Civil Action No.: 2:15-cv-2, 2016 WL 1239267, at *2 (S.D. Ga. Mar. 29, 2016) (internal citation and punctuation omitted). Relevant information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The Court, however, must limit discovery when: (1) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (2) "the party seeking discovery has had ample opportunity to obtain the information"; or (3) "the burden or expense of the proposed discovery" outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C).

Further, the Federal Rules of Civil Procedure specifically provide an avenue for a party to request the opposing party to produce documents or items within the scope of discovery and in another party's possession or control. Fed. R. Civ. P. 34(a)(1) ("A party may serve on any other party a request . . . to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: (A) any designated documents or electronically stored information . . . ."). When a party fails to answer an interrogatory or fails to produce a requested document or item, the Court may order that party to respond. Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). Furthermore, Federal Rule of Civil Procedure 37(a)(4) states, "For the purposes of this subdivision (a), an evasive or incomplete designation, answer, or response must be treated as a failure to disclose, answer, or respond."

7

Defendant has complied with the requirements of Rule 37 by mailing Plaintiff a deficiency letter and requesting Plaintiff's documents before seeking the Court's involvement. Doc. 30-3.  Plaintiff failed to respond to Defendant's deficiency letter and similarly failed to object to Defendant's Motion to Compel.  Accordingly, the Court **GRANTS** Defendant's Motion and **DIRECTS** Plaintiff to either: (1) respond to this Order and state the factual and legal basis for any refusal to respond to discovery; or (2) inform the Court that he has already responded to Defendants' request or intends to respond by a certain date.  If Plaintiff fails to adequately respond to this Order in 14 days, the Court may dismiss Plaintiff's cause of action for failure to prosecute and failure to follow a Court Order.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion for Leave to File an Amended Complaint, **DENIES** Plaintiff's Motion for Counsel, and **GRANTS** Defendant Van Houtan's Motion to Compel.

**SO ORDERED**, this 4th day of June, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA