IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DANTE BENJAMIN HAYWARD,          )
                                 )
        Plaintiff,               )
                                 )
v.                               )        CASE NO. CV419-075
                                 )
Austin Van Houtan, and Seth      )
Cubbedge,                        )
                                 )
        Defendants.              )
                                 )

## O R D E R

Before the Court is the Magistrate Judge's December 1, 2021, Report and Recommendation (Doc. 89), to which Plaintiff has filed an objection (Doc. 91.) After a careful review of the record,[1] and for the following reasons, Plaintiff's objections are **OVERRULED**, and the report and recommendation is **ADOPTED** as the Court's opinion in this case.[2]

## ANALYIS

In the report and recommendation, the Magistrate Judge first recommends denying Defendants' motion for judgment on the

---

[1] The Court reviews de novo a magistrate judge's findings to which a plaintiff objects, and the Court reviews for clear error the portions of a report and recommendation to which a plaintiff does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (outlining the standard of review for report and recommendations)).

[2] The Court incorporates by reference the Magistrate Judge's recitation of the procedural history and undisputed material facts included in the report and recommendation. (Doc. 89 at 2-6.)

pleadings. (Doc. 89 at 11.) The Magistrate Judge then recommends the Court grant summary judgment to Defendants on Plaintiff's official capacity claims against them on the ground that the State of Georgia, the real party in interest on those claims, is entitled to Eleventh Amendment immunity. (Id. at 15.) The Magistrate Judge also recommends the Court grant summary judgment on Plaintiff's excessive force claim against Defendant Van Houtan in his individual capacity based on Plaintiff's failure to demonstrate Defendant Van Houtan violated his constitutional rights. (Id. at 24.) The Magistrate Judge, however, recommends the Court deny summary judgment on Plaintiff's excessive force claim against Defendant Cubbedge in his individual capacity because a question of fact remains regarding whether Defendant Cubbedge's conduct violated Plaintiff's constitutional rights.[3] (Id. at 17-23.)

In his objections, Plaintiff argues that his official capacity claims against Defendants should not be dismissed because the Defendants failed to follow certain policies and procedures in place at the Effingham County Jail. (Doc. 91 at 1-3.) Plaintiff also argues that Effingham County Jail lacked adequate policies and training on the use of tasers and that this deficiency led to his constitutional injuries. (Id. at 2-5.) Plaintiff's arguments fail to address the Magistrate Judge's finding, with which this

---

[3] Defendant Cubbedge has not filed an objection to the Magistrate Judge's report and recommendation.

2

Court agrees, that his official capacity claims for monetary damages are barred by the state's Eleventh Amendment immunity. <u>See Manders v. Lee</u>, 338 F.3d 1304, 1308 (11th Cir. 2003). Thus, Plaintiff's objection to dismissal of these claims is **OVERRULED.**

Plaintiff also objects to the Magistrate Judge's recommendation that the Court grant summary judgment to Defendant Van Houtan. (Doc. 91, at 5-7.) The Magistrate Judge concluded Defendant Van Houtan was entitled to summary judgment on Plaintiff's claim against him because the undisputed material facts showed Defendant Van Houtan did nothing more than attempt to handcuff Plaintiff, which does not amount to excessive force. (Doc. 89 at 24.) In his objection, Plaintiff argues the Court should reject this recommendation because Defendant Van Houtan failed to stop Defendant Cubbedge's allegedly unconstitutional use of a taser. (<u>Id.</u> at 6.) Plaintiff's argument fails.

Even if Plaintiff properly pled a failure-to-intervene claim,[4] Defendant Van Houtan would still be entitled to summary judgment. Defendant Van Houtan moved for summary judgment on the grounds that the undisputed material facts fail to show he violated Plaintiff's constitutional rights and he is therefore entitled to

---

[4] The allegations in Plaintiff's original complaint that concern Defendant Van Houtan focus entirely on Defendant Van Houtan's personal conduct, not his failure to intervene in Defendant Cubbedge's conduct. (Doc. 1 at 5-7.) The Court, however, acknowledges that the Magistrate Judge suggested during frivolity review that Plaintiff could proceed on a failure to intervene claim. (Doc. 7 at 7.)

qualified immunity. (Doc. 70, Attach. 2 at 15-22.) Plaintiff responded in opposition arguing principally that Defendant Van Houtan's conduct constituted excessive force. (Doc. 79, Attach. 1 at 18-19.) Plaintiff, however, failed to point to any facts or make any argument about Van Houtan's failure to intervene in Defendant Cubbedge's conduct. As a result, Plaintiff failed to point to any evidence suggesting Defendant Van Houtan had the "ability to intervene" but failed to do so and, therefore, failed to identify any genuine dispute of material fact on this issue. See Priester v. City of Riviera Beach, 208 F.3d 919, 927 (11th Cir. 2000). Accordingly, the Court **OVERRULES** Plaintiff's objections to the Magistrate Judge's recommendation that the Court grant Defendant Van Houtan summary judgment on Plaintiff's individual capacity claims against him.

## CONCLUSION

After a careful review of the entire record, Plaintiff's objections (Doc. 91) are **OVERRULED,** and the report and recommendation (Doc. 89) is **ADOPTED** as the opinion of the Court. Accordingly, Defendants' motion for judgment on the pleadings is **DENIED**, and Defendants' motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**. (Doc. 70.) Defendants are entitled to summary judgment on Plaintiff's claims for monetary damages against them in their official capacities, and Defendant Van Houtan is entitled to summary judgment on Plaintiff's excessive force

claim against him in his individual capacity. Accordingly, Defendant Van Houtan is **DISMISSED** from this case. Plaintiff's excessive force claim against Defendant Cubbedge in his individual capacity remains pending.

SO ORDERED this _3RD_ day of January 2022.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA